NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RONALD A. SIMMS,
*Plaintiff/Appellee-Cross Appellant*,

v.

ARIZONA RACING COMMISSION;
JEREMY E. SIMMS, an individual;
TP RACING, LLLP, a limited liability limited partnership,
and BELL RACING, LLC, a limited liability company,
*Defendants/Appellants-Cross Appellees.*

No. 1 CA-CV 18-0546
FILED 4-28-2022

Appeal from the Superior Court in Maricopa County
No. LC2016-000505-001
The Honorable Dawn M. Bergin, Judge *Retired*

**VACATED AND REMANDED**

COUNSEL

Dentons US, LLP, Phoenix
By Paul K. Charlton, Karl M. Tilleman, Douglas D. Janicik
*Co-Counsel Plaintiff/Appellee/Cross Appellant Ronald A. Simms*

Greenberg Traurig, LLP, Phoenix
By Nicole M. Goodwin
*Co-Counsel for Plaintiff/Appellee/Cross Appellant Ronald A. Simms*

Orrick Herrington & Sutcliffe, LLP, Los Angeles, California
By Stacy W. Harrison, Nathan J. Novak
*Co-Counsel for Plaintiff/Appellee/Cross Appellant Ronald A. Simms*

Stinson, LLP, Phoenix
By Michael C. Manning, James M. Torre
*Counsel for Defendants/Appellants/Cross Appellees Jeremy E. Simms, TP Racing LLLP, Bell Racing LLC*

Gammage & Burnham, PLC, Phoenix
By Camila Alarcon, Christopher L. Hering
*Counsel for Defendant/Appellant/Cross Appellee Arizona Racing Commission*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**　　　　This appeal marks another chapter in the protracted and acrimonious feud between brothers Jeremy ("Jerry") and Ronald ("Ron") Simms over the rights to Turf Paradise. Their fraternal animus has spawned a vast web of administrative duels, lawsuits and appeals. This chapter requires us to decide when the Arizona Racing Commission may accept and decide appeals of licensing decisions made by the Arizona Department of Gaming's director. For the reasons set forth below and in a separate opinion, *see* Ariz. R. Sup. Ct. 111(g), (h), we vacate and remand.

**DISCUSSION**

**A.　　Due Process Claims—The Commission**

**¶2**　　　　Ron contends the Commission's proceeding was tainted with serious due process violations. For instance, Ron claims that Jerry dined with Commissioner Lawless the night before the Commission's vote to reverse the ADOG Decision. Ron also claims that Commissioner McClintock said "I'm pulling for you" in a text message to Jerry. *See State ex rel. Corbin v. Ariz. Corp. Comm'n*, 143 Ariz. 219, 226 (App. 1984) ("[D]ue process is violated when the agency decision-maker improperly allows ex parte communications from one of the parties to the controversy.").

**¶3**　　　　The Commission, Jerry and TPR counter that Ron was owed no due process because he had no protectable property interest. *See Shelby Sch.*, 192 Ariz. at 168, ¶ 55 ("Due process protection vests only when a person has a [protectable] property interest."). We disagree. "[T]here are

2

certain 'fundamental' procedural requisites which a person is entitled to receive at [a quasi-judicial] administrative hearing." *Rouse v. Scottsdale Unified Sch. Dist. No. 48*, 156 Ariz. 369, 371 (App. 1987). The Commission held a formal hearing at which it "consider[ed] evidence and appl[ied] the law to facts it f[ound]." *Stoffel*, 162 Ariz. at 451. The Commission also has a statutory duty to ensure due process rights in its proceedings. *See* A.R.S. §§ 5-104(D), 41-1092.01(E), -1092.03(B), -1092.07(A), (B), (C).

¶4        We remand for the superior court to hear and consider Ron's due process claims against the Commission on a complete record. The parties vigorously dispute the context and validity of Ron's accusations, but we are not factfinders on appeal and cannot meaningfully consider the issues on this record. *State v. Schackart*, 190 Ariz. 238, 247 (1997). On remand, the superior court may conduct an evidentiary hearing to evaluate Ron's claims of Commission bias. *See State v. Herrera*, 232 Ariz. 536, 543, ¶ 13 (App. 2013) ("Remand may be appropriate when the trial court is in a better position than the appellate court to clarify whether a potential error actually occurred."). The court may choose to hear sworn testimony about these ex parte communications, including from the commissioners, Jerry and former Director Walsh. *See* A.R.S. § 12-910(A), (B), (E).[1] Given Ron's unresolved challenges to the Commission's process, we do not address his evidentiary arguments.

## CONCLUSION

¶5        We vacate the superior court's order and remand for further proceedings consistent with this decision and our separate opinion.



AMY M. WOOD • Clerk of the Court
FILED:      AA

---

[1]      We deny Ron's Request for Judicial Notice because the material is irrelevant to our resolution of this appeal. We likewise deny Jerry and TPR's Motion to Strike Portions of Ron's Reply Brief.